**Larry Dewayne BEVERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69029.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 9, 1983.

Robert C. Roe, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is a direct appeal from a denial of bail by a district court under the provisions of Article I, Sec. 11–a of the Texas Constitution.

The record reflects that on March 20, 1979, appellant was convicted of the felony offense of theft of property over $200 and under $10,000. Punishment was assessed at ten years imprisonment and appellant was granted probation. Thereafter, on April 23, 1982, appellant was indicted by the Tarrant County Grand Jury for (1) the offense of possession of amphetamine of more than four hundred grams, said offense alleged to have occurred on March 4, 1982, (2) the offense of possession of amphetamine of less than two hundred grams with the intent to deliver the amphetamine, said of-

fense alleged to have occurred on January 5, 1982, and (3) the offense of possession of marihuana of less than five pounds but more than four ounces, said offense alleged to have occurred on January 5, 1982.

Based on these three indicted offenses the State filed a motion to revoke appellant's prior probation, said motion was granted on June 30, 1982. The Judgment Revoking Probation recited the indictment for possession of amphetamine of less than two hundred grams as the grounds for the revocation. Appellant immediately gave notice of appeal of the revocation, and upon approval of an appeal bond he was released from custody on June 30.

On July 24, appellant was indicted for the offense of delivery of amphetamine of less than two hundred grams; this offense was alleged to have taken place on July 1, the day after he had been released from custody on the appeal bond. It was on this last offense that appellant was denied the bail which is the subject of this appeal.

Article I, Sec. 11–a of the Texas Constitution reads in pertinent part as follows:

"Any person ... (2) accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, ... after a hearing, and upon evidence substantially showing the guilt of the accused of the ... offense committed while on bail in (2) above, may be denied bail pending trial, by a district judge in this State, *if said order denying bail pending trial is issued within seven calender days subsequent to the time of incarceration of the accused;* provided, however, that if the accused is not accorded a trial upon ... the accusation and indictment used under (2) above within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be *automatically* set aside, unless a continuance is obtained upon the motion or request of the accused...." (emphasis added)

In the case at bar appellant was incarcerated on July 24, 1982, and the State filed its motion to deny appellant's bail on July 26. It was apparently the intention of the court to hold a hearing on the motion the day after it was filed, but appellant requested that the court postpone the hearing to enable him to hire an attorney to represent him. The court granted appellant's request to postpone, and the hearing was eventually held on August 6, 1982, the thirteenth day after appellant's incarceration. At the close of the evidence the judge granted the State's Motion to Deny Bail and appellant gave oral notice of his intention to appeal the decision.

■ Appellant has only one ground of error before us: the trial court abused its discretion in holding him without bond because Article I, Sec. 11–a, *supra,* provides that such an order must be entered within seven days of incarceration, which was not done in this case. He maintains that the "seven day rule" is mandatory and the court's order on the thirteenth day was invalid in light of this constitutional mandate. We do not agree.

The constitutional provision in question is a procedural right which exists for the benefit of the incarcerated defendant; it is intended as a safeguard to assure a swift determination of an accused's eligibility for bail to make certain that pretrial detention is limited to its authorized uses, and not used as a vehicle to punish a person who is entitled to a presumption of innocence. Considering the nature of the seven day limitation, we see no reason why it cannot be waived by a defendant in order to allow him time to retain counsel. In the present case we hold that when appellant requested that the judge postpone the hearing he made such a waiver and is therefore precluded from now complaining of the delay.

Article 1.14, V.A.C.C.P. provides:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case."

We find the "seven day rule" of Article I, Sec. 11–a to be the type of right which falls within the provisions of Article 1.14, supra. The benefits which were intended to inure to a criminal defendant under the provi-

sions of the "seven day rule" may be waived when the cause of the delay is the intentional conduct of the defendant. This is what occurred in the present case, and appellant will not now be heard to complain. Appellant's ground of error is overruled.

■ However, we further find that much more than sixty (60) days has passed since appellant's incarceration on July 24, 1982. Under the previously quoted provisions of Art. I, Sec. 11–a, if an accused is not accorded a trial within sixty days from the time of his incarceration, the order denying him bail shall be *automatically* set aside, "unless a continuance is obtained upon the motion or request of the accused."

From the record now before us, it appears that appellant was granted a motion for continuance on September 30, 1982, clearly more than sixty days after his July 24 incarceration. The order denying appellant bail was therefore automatically set aside *prior* to the motion for continuance.

We therefore remand this cause to the trial court for the judge to set a reasonable bail.

It is so ordered.